**Safije IBRAIM, Petitioner,**

**v.**

**Alberto R. GONZALES,**[1] **Respondent.**

**No. 05–5425–AG.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

Oleh R. Tustaniwsky, Law Offices of Andrew P. Johnson, New York, NY, for Petitioner.

John E. Higgins, Assistant United States Attorney (for Michael G. Heavican, United States Attorney); District of Nebraska, Omaha, NE, for Respondent.

Present GUIDO CALABRESI, ROSEMARY POOLER and BARRINGTON D. PARKER, Circuit Judges.

**SUMMARY ORDER**

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Safije Ibraim,[2] a native of the former Yugoslavia and citizen Macedonia, petitions for 11 review of an order of the Board of Immigration Appeals ("BIA"), affirming without an opinion a decision of an Immigration Judge ("IJ"). When the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Familiarity with the record below and issues on appeal is presumed.

We review factual findings of the BIA or an IJ under the substantial evidence standard. *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). To establish eligibility for asylum, Ibraim must show that she suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42); *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000).

"Persecution" has been defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985). Although conduct must rise above mere harassment to constitute persecution, persecution "includes more than threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004)(internal quotation marks and alterations omitted); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340–41 (2d Cir.2006) (finding that persecution is the "infliction of suffering or harm upon those who differ on the basis of a protected statutory ground"). In assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences.

*See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005).

Here, the IJ found Ibraim's testimony to be consistent and took the testimony as credible. However, the IJ found that she failed to establish past persecution or well-founded fear of future persecution. Because we find that the IJ's determination was not based on substantial evidence, we vacate the decision.

The actions that were brought against Ibraim and her family for reasons of their ethnic background, including, in no small part, the forced eviction and destruction of the family's home and possessions in Kosovo, provide substantial evidence of past persecution. In addition, following her experiences in both Kosovo and Macedonia, it is objectively reasonable that Petitioner fears future persecution if she were to return.

Furthermore, the IJ's conclusions on the circumstances in both Macedonia and Kosovo 17 were not based on substantial evidence. *See Tambadou v. Gonzales*, 446 F.3d 298 (2d Cir.2006). The IJ stated that it had no background material on Kosovo. Regarding Macedonia, the IJ simply stated that the background report indicated there were significant improvements; however, the IJ "did not fully perceive the significant distinction between a drop in abuses and an end to abuses." *Tambadou*, 446 F.3d 298. The State Department's Report on Macedonia (2003) does not provide substantial evidence to disregard what has happened to Ibraim and her family in the past and her reasonable fear regarding what would happen to them if they returned to either Kosovo or Macedonia.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is RE-

2. The application for asylum includes petitioner's two children. The children's applica- tions are dependant on petitioner's application.

MANDED for further proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).